**Romirico REMEIDIO, Plaintiff— Appellant,**

v.

**J. WOODFORD; et al., Defendants— Appellees.**

No. 04–16427.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Decided April 5, 2006.

Romirico Remeidio, San Francisco, CA, pro se.Brett M. Schuman, Esq., Mark S. Kokanovich, Esq., Morgan Lewis & Bockius, LLP, San Francisco, CA, for Plaintiff–Appellant.

Song J. Hill, Austin Jacobs Cattermole, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Romirico Remeidio appeals the district court's grant of summary judgment in his 42 U.S.C. § 1983 action against several California prison officials. We review the district court's decision *de novo,* drawing all reasonable inferences in favor of the non-moving party. *Porter v. California Department of Corrections,* 419 F.3d 885, 891 (9th Cir.2005). We affirm in part and reverse in part, and remand for further proceedings on the retaliation claim.

■ We conclude that summary judgment should not have been granted on the retaliation claim. To establish a First Amendment retaliation claim, a prisoner must show "that he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals." *Bruce v. Ylst,* 351 F.3d 1283, 1288 (9th Cir.2003) (citation omitted). On the current record, there is a genuine issue of material fact as to whether the discipline imposed was retaliatory and not motivated by a legitimate correctional purpose. Even though the defendants were within their rights to search Remeidio's cell (which search led to the discovery of contraband), Remeidio's verified complaint asserts that no other inmate within his cell block has ever been similarly punished—in particular, issued a rules violation report—for the possession of such contraband. The complaint also contends that no other inmate serving a

* This disposition is not appropriate for publication and may not be cited to or by the courts   of this circuit except as provided by 9th Cir. R. 36–3.

life sentence has been placed in administrative segregation when his parole date was rescinded. Although the persuasive force of Remeidio's assertions on information and belief might be limited, the defendants have offered no evidence to rebut these allegations, thus permitting an inference that the consequences he suffered were motivated in part by retaliation and not by legitimate penological concerns. Remeidio further alleges in his verified complaint that even before the contraband was discovered, his correctional counselor told him that he would be transferred because he had signed the College Program petition, thereby further bolstering the claim. The defendants are not entitled to qualified immunity for this claim, because "the prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir.1995) (citation omitted).

■ Summary judgment was proper on Remeidio's equal protection claim, which alleges that he was targeted because of his Asian background. To the extent that his claim alleges disparate treatment between himself and other inmates in his cell block, that claim fails, because he has not shown that the defendants' actions "result[ed] in members of a certain group being treated differently from other persons based on membership in that group." *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir.1999) (citation omitted). To the extent that his claim is based on disparate treatment among the petition signatories, that claim is also deficient because incriminating materials were not found in the cell of the non-Asian signatory. Therefore, Remeidio cannot show "that the defendant[s] acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serra-

*no v. Francis*, 345 F.3d 1071, 1082 (9th Cir.2003).

■ The district court properly granted summary judgment on Remeidio's due process claim. This claim falls short because Remeidio has not shown that due process standards were violated. Although he claims that he was prevented from introducing documentary evidence at the hearing, *cf. Serrano*, 345 F.3d at 1077, he apparently only wanted to present the letter and envelope that contained the contraband. These documents would have apparently been used to show that prison staff inspected the contraband materials when they were delivered to Remeidio, and to demonstrate that the materials were not openly displayed. Because Remeidio had a chance to testify and thus to make these points, the papers themselves would not have affected the outcome of his hearing.

Each party to bear its own costs.

**AFFIRMED in part; REVERSED and REMANDED in part.**